BARRETT S. LITT SBN 45527
PAUL J. ESTUAR SBN 167764
E-Mail: pestuar@littlaw.com
LITT, ESTUAR, HARRISON & KITSON LLP
1055 Wilshire Boulevard, Suite 1880
Los Angeles, California 90017
Phone: (213) 386-3114
Facsimile: (213) 380-4585

ROBERT MANN SBN 48293
DONALD W. COOK SBN 116666
E-Mail: manncook@earthlink.net
ATTORNEYS AT LAW
3435 Wilshire Boulevard, Suite 2900
Los Angeles, California 90010
Phone: (213) 252-9444
Facsimile: (213) 252-0091

Attorneys for Plaintiffs

Cynthia Anderson-Barker State Bar No. 175764
E-Mail: cablaw@hotmail.com
LAW OFFICES OF CYNTHIA ANDERSON-BARKER
3435 Wilshire Boulevard, Suite 2900
Los Angeles, California 90010
Phone: (213) 252-9444
Facsimile: (213) 252-0091

FILED
2010 MAR -5 PM 2:37
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MARY AMADOR and LORNA MALLYON, individually and as class representatives,

  Plaintiffs,

vs.

SHERIFF LEROY D. BACA, individually and in his official capacity; COUNTY OF LOS ANGELES, a governmental entity; LOS ANGLES COUNTY SHERIFF'S DEPARTMENT, a California public entity; SAMMY JONES, individually and in his official capacity; TIMOTHY CORNELL, individually and in his official capacity; JOHN H. CLARK, individually and in his official capacity; and DOES 1 through 10,

  Defendants.

Case No. CV10 1649 CBM (RCx)

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1. 42 U.S.C. §1983
2. Equal Protection
3. Cal. Const. Art. I, §§1, 7, 13
4. Cal. Civ. Code §52.1
5. Statutory Duties
6. Mandatory Duties

DEMAND FOR JURY TRIAL

1

## I. INTRODUCTION

1. This action concerns the manner in which inmates are searched in Los Angeles County's jails, alleging, *inter alia*, violations of the Fourth, Eighth and Fourteenth Amendments of the United States Constitution and their corollaries under the California Constitution.

2. The gravamen of this complaint concerns the privacy rights of inmates, who are routinely subjected to strip and body cavity searches in violation of the Constitutions and laws of the United States and the State of California.

3. Of particular concern is that female inmates are subjected to degrading strip and body cavity searches under circumstances and conditions when male inmates are not.

## II. JURISDICTION AND VENUE

4. Plaintiffs present federal claims for relief under 42 U.S.C. §1983. Accordingly, federal jurisdiction in conferred upon this Court by 28 U.S.C. §§1331 and 1343. Plaintiffs' state law claims are so related to their federal law claims that they form part of the same case or controversy. Accordingly, supplemental jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. §1367.

5. Plaintiffs' claims arise out of acts of the Los Angeles County Sheriff's Department in the County of Los Angeles, State of California. Accordingly, venue is proper within the Central District of California.

## III. PARTIES

### A. *PLAINTIFFS*

6. Plaintiffs Mary Amador and Lorna Mallyon are women who were imprisoned in Los Angeles County Sheriff's Department facilities and subjected to highly intrusive strip and body cavity searches.

### B. *DEFENDANTS*

7. Defendant County of Los Angeles ("County") is a public entity organized and existing under the laws of the State of California. Defendant Los Angeles Sheriff's Department ("LASD") is a public entity within the meaning of California law, and is a

1

County agency. These defendants are sued in their own right for a County and/or LASD policy, practice or custom which caused plaintiffs' injuries in violation of one or more federal constitutional guarantees, and on plaintiffs' state law claims based on *respondeat superior*, under California Government Code §815.2 and mandatory duties under California Government Code §815.6.

8. Defendant Leroy Baca ("Baca") is the Sheriff of Los Angeles County, and is the policy maker for the LASD. He is sued in his official and individual capacities.

9. Defendant Sammy Jones ("Jones") is a deputy sheriff holding the rank of division chief. He is the commanding officer of the LASD's Custody Operations Division. He is sued in his individual and official capacities.

10. Defendant Timothy Cornell ("Cornell") is a deputy sheriff holding the rank of captain. He is the commanding officer of the LASD's Inmate Reception Center ("IRC"). IRC is the primary intake and release facility for inmates, and the transfer and pickup point for inmates transferred between jail facilities and inmates returned to jail after an appearance in court. Cornell is sued in his individual and official capacities.

11. Defendant John H. Clark ("Clark") is a deputy sheriff holding the rank of captain. He is the commanding officer of the LASD's Men's Central Jail ("MCJ"). MCJ houses both male and female inmates. Clark is sued in his individual and official capacities.

12. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs will give notice of this complaint, and of one of more DOES' true names and capacities, when ascertained. Plaintiffs are informed and believe and based thereon allege, that defendants DOES 1 through 5 are responsible in some manner for the damages and injuries hereinafter complained of.

13. DOES 6 through 10 (hereinafter collectively referred to as "LASD Supervisory defendants") were and are now responsible for the LASD jails and, among other things, are responsible for the training, supervision, control, assignment and

2

discipline of the sworn and civilian personnel of the LASD and County who work in, operate, administer and manage the jails, and for the formulation, promulgation, adoption, application, administration and enforcement of the policies, rules, regulations and practices of the LASD jails.

14. Upon information and belief, plaintiffs further allege that, at all times relevant herein, the LASD Supervisory defendants participated in, approved, and/or ratified the unconstitutional or illegal acts complained of herein that occurred within LASD jails.

15. Plaintiffs are informed and believe, and thereupon allege that, at all times relevant herein, the individual defendants, and each of them, were the agents, servants and employees of their respective employers (defendants LASD, County) and were acting at all times within the scope of their agency and employment, and with the knowledge and consent of their principals and employers. At all times herein, defendants, and each of them, were acting under the color of state law.

## IV. CLAIMS OF CLASS REPRESENTATIVES

### A. *MARY AMADOR*

16. Mary Amador was arrested by Los Angeles County Sheriff's personnel on or about March 1, 2009. She surrendered to a Detective Corrigan in the parking lot of the Century Regional Detention Facility ("CRDF"), after Detective Corrigan told her she had a welfare-fraud warrant for her arrest. CRDF is commonly known and referred to as the "Lynwood Jail". The detective gave Mrs. Amador a week to surrender so Mrs. Amador could make arrangements for child care for her young daughter, and so she could arrange bail. Mrs. Amador surrendered at 9:00 a.m. Bail had already been posted.

17. Mrs. Amador was strip searched about 6-7 p.m. that evening, in a group with about 12 other women, outside in the cold open air, in an area bordered on one side by a facility wall and entry door, on another by a solid block wall, on the third by a solid gate, and on the fourth by a chain link fence shielded by a torn and shredded tarp through which she could see about five male deputies on the other side. The location was

3

1 apparently a driveway and/or discharge area for buses.

2     18. The ground was concrete. The women were required to completely disrobe, place their street clothes on the ground, squat, spread their buttocks, lift their breasts, etc., and change into jail attire, which they picked up from the ground.

    19. One of the women, about 60 years old, complained bitterly of the cold, and cried.

    20. Having spent most of the day with four of the women, Mrs. Amador had learned that they had just been arrested and had not yet been to court. Of course, Mrs. Amador had not been to court, either.

    21. About an hour after having been strip searched, Mrs. Amador was released on bail. A jailer told Mrs. Amador the bond had been at the jail since 9:00 am in the morning.

    22. The day after bailing out, Mrs. Amador called the facility to complain about the strip search. She left a detailed voice mail on the watch commander's extension. She never heard back.

    23. Mrs. Amador and the women were searched as a group, with each woman able to, and forced to watch the other women being searched. They were forced to stand naked within inches of each other as they were searched. They were forced to place their clothing on the unsanitary ground. This is the same ground plaintiff and the women were forced to stand on, barefoot and naked.

    **B.** *LORNA MALLYON*

    24. Lorna Mallyon, at the time 30 years old, was arrested on September 23, 2008, by Glendale police on a misdemeanor charge of violating Cal. Penal Code §496D(a) (knowingly purchasing stolen vehicle). Ms. Mallyon was held in Glendale jail until September 25, 2008, at which time she was arraigned on the above charge in Los Angeles Superior Court (Glendale). Afterward, she was remanded to the custody of the Los Angeles County Sheriff and transported to CRDF. Upon arrival at CRDF, she was strip and visual body cavity searched in a group, without privacy and outside.

4

25.   On September 30, 2008, Ms. Mallyon was released from jail on her own recognizance. Ultimately, the underlying criminal case on which Ms. Mallyon was held was dismissed.

## V. CLASS ACTION ALLEGATIONS

### A.   *COMMON FACTUAL ALLEGATIONS*

26.   Plaintiffs are informed and believe that women are routinely strip searched and forced to undergo visual body cavity searches in the manner described above, before being arraigned.

27.   Plaintiffs are informed and believe that women are routinely strip searched and forced to undergo visual body cavity searches as described above, when they are first placed in general population.

28.   Plaintiffs are informed and believe that men are not routinely strip searched and forced to undergo visual body cavity searches in the manner described above, before being arraigned.

29.   Plaintiffs are informed and believe that men are not routinely strip searched and forced to undergo visual body cavity searches in the manner described above, when they are first placed in general population.

30.   On information and belief, plaintiffs allege the strip and/or visual body cavity searches to which they and class members were subjected, were done pursuant to defendants' policy and practice to indiscriminately search all or a large number of women but not men being processed into the jail without regard to: a) The nature of their offense or criminal history; b) Whether they are under an order of release or not; c) Whether they have had contact with any persons from outside the County jail system who could reasonably be believed to be a potential source of contraband or weapons; d) Whether there is cause of any kind to believe they are a potential source of contraband or weapons; e) Whether there is any other articulable justification for defendants' indiscriminate strip and body search policy; f) Whether they are "pre-arraignment detainees," as that term is used in California Penal Code §4030(b); and g) Whether there is any legitimate reason to

1  strip search women but not men as set forth herein.

2      31.    On information and belief, plaintiffs allege that defendants have a policy of not limiting the persons who can see or hear or observe all or part of the strip and body cavity searches to those who are necessary to the procedure. Thus, other inmates, members of the opposite sex, dispensable jail personnel and possibly others are able to see or hear some or all of the searches described above. Specifically, class members are required to submit to strip searches during which other people who are not participating in the search and/or are of the opposite sex, including jail staff and other inmates, are able to observe the search and the class members' naked bodies. On further information and belief, in many instances class members are forced to touch each other's bodies during the searches in order to comply with the directions given by Sheriff's deputies.

    32.    Plaintiffs bring this action on their own behalf, and on behalf of a class of all other persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class is defined as those women who were forced to undergo the unlawful strip and/or visual body cavity searches in Los Angeles County's jails (which are operated, maintained and under the control of the County, the LASD and the Supervisory defendants) set forth in this complaint; to wit, searches that violated the Fourth Amendment or its California equivalent, or searches that violated equal protection of the law due to the fact that that the policy and custom of strip searches was applied to women but not men.

    33.    Due to the previous filing of *Solis v. Baca*, No. CV06-1135 SVW (CTx) (C.D. Calif.), a case currently pending in this court, the class period goes back two years prior to the filing of that case, which also alleges violation of the Fourth Amendment and equal protection rights of those subjected to strip searches by the Los Angeles County Sheriff's Department. Because the pendency of that case has tolled the statute of limitations for the class members herein, the statute of limitations in this case reaches back to May 30, 2004. Plaintiffs anticipate that a motion to amend the existing *Solis v. Baca* complaint will be filed in the near future to allege that women but not men were

subjected to the strip search policy alleged herein. Plaintiffs file this complaint for precautionary reasons because defendants may contend that the *Solis* complaint may not be amended in the respects described herein.

34. Plaintiffs also engaged in pre-litigation settlement efforts. Specifically, plaintiffs showed defendants a draft copy of this complaint and asked that defendants immediately cease and desist their unlawful practices. Plaintiffs also raised this issue with defendants' counsel during a meeting to discuss county strip search policies. To date, and to plaintiffs' knowledge, defendants continue to engage in the unlawful practices detailed in this complaint.

35. On information and belief, plaintiffs allege that defendants will continue their aforementioned policy and practice of unlawful strip and/or visual body cavity searches unless enjoined and restrained by the court. Without injunctive relief applicable to the class as a whole, the class members will suffer irreparable harm for which there is no adequate remedy at law in that their constitutional and statutory rights will be systematically violated.

**B.** *RULE 23 PREREQUISITES*

**1. Numerosity**

36. In accordance with F.R.Civ. P. Rule 23(a), the members of the class are so numerous that joinder of all members is impracticable. Plaintiffs do not know the exact number of class members. Plaintiffs are informed and believe and thereon allege that there are more than 300 inmates per day who are subjected to strip and/or body cavity searches as a result of defendants' policy and practice of indiscriminately subjecting prisoners to strip and body cavity searches. Plaintiffs are informed and believe and thereon allege that the number of persons in the proposed class is in the thousands.

**2. Common Issues of Fact or Law**

37. In accordance with F.R. Civ. P. Rule 23(a), there are questions of fact common to the class. Plaintiffs are informed and believe and thereon allege that the common questions of fact include, but are not limited to the following: (1) Whether the

1  LASD routinely subjects all prisoners to strip and/or body cavity searches without there
2  being any reasonable suspicion, based on specific or articulable facts, to believe any
3  particular inmate has concealed drug(s), weapon(s) and/or any contraband on their
4  persons or in their body cavities; (2) Whether the strip and/or body cavity searches are
5  conducted in an area of privacy so that the search cannot be observed by persons not
6  participating in the search, or whether the strip and body cavity searches are conducted in
7  areas where they may be observed by persons not participating in the searches; (3)
8  Whether the strip and/or body cavity searches are conducted in an unsanitary area,
9  infested with bacteria such as MRSA and other communicable diseases; (4) whether
10  females are subjected to strip and/or body cavity searches when males are not; (5)
11  whether females are subjected to strip and/or body cavity searches under conditions
12  which are more intrusive and less sanitary than males.

        38. In accordance with F.R. Civ. P. Rule 23(a), there are questions of law common to the class. Plaintiffs are informed and believe and thereon allege that the common questions of law include but are not limited to the following: (1) Whether the LASD may indiscriminately conduct strip and/or body cavity searches of inmates without there being any reasonable suspicion, based on specific or articulable facts, to believe any particular inmate has concealed drug(s), weapon(s) and/or any contraband on their persons or in their body cavities; (2) Whether the LASD may conduct strip and/or body cavity searches of inmates in open areas where they may be observed by persons not participating in the searches; (3) Whether LASD's policy of subjecting persons to strip and/or body cavity searches violates California Penal Code §4030; (4) Whether LASD's policy of subjecting persons to strip and/or body cavity searches in an area which is not an "area of privacy" violates California Penal Code §4030(m); (5) Whether the conduct described above violates the Fourth and/or Fourteenth Amendments, and/or California Constitution Article I, §§1, 7, and/or 13; (6) Whether the conduct described above constitutes a policy or custom of the defendants; (7) Whether any individual defendant is entitled to qualified immunity on the federal claims, or state law immunity on the state

law claims, for the practices complained of herein; and (8) Whether determination of damages suffered by a statistically representative sample of the class provides the basis for determination of all class members' damages except those who opt out, or whether category damages may appropriately be determined for the class members.

### 3. Typicality

39. In accordance with F.R. Civ. P. Rule 23(a), the claims of the representative plaintiffs are typical of the class. Plaintiffs were in LASD custody when they were subjected to strip and/or visual body cavity searches of inmates without there being any reasonable suspicion, based on specific or articulable facts, to believe that any plaintiff and class members had concealed drug(s), weapon(s) and/or any contraband in their body cavities; plaintiffs were subjected to the searches in open areas where they were observed by other inmates and persons not involved in the search, including sometimes members of the opposite sex; plaintiffs were searched and forced to stand naked in unsanitary and bacteria infested areas; females were subjected to strip and/or body cavity searches when males were not; and females were subjected to strip and/or body cavity searches under conditions which were more intrusive and less sanitary than males.

40. Thus, plaintiffs have the same interests and have suffered the same type of damages as the class members. Plaintiffs' claims are based upon the same or similar legal theories as the claims of the class members. Each class member suffered actual damages as a result of being subjected to a strip and/or body cavity search. The actual damages suffered by plaintiffs are similar in type and amount to the actual damages suffered by each class member.

41. In accordance with F.R. Civ. P. Rule 23(a), the representative plaintiffs will fairly and adequately protect the interests of the class. The interests of the representative plaintiffs are consistent with and not antagonistic to the interests of the class.

### 4. Maintenance and Superiority

42. In accordance with Fed.R.Civ.P. Rule 23(b)(1)(A), prosecutions of separate actions by individual members of the class would create a risk that inconsistent or

9

varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the parties opposing the class.

43. In accordance with Fed.R.Civ.P. Rule 23(b)(1)(B), prosecutions of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, substantially impair or impede the interests of the other members of the class to protect their interests.

44. In accordance with Fed.R.Civ.P. Rule 23(b)(2), plaintiffs are informed and believe, and thereon allege that the defendants have acted on grounds generally applicable to the class.

45. In accordance with Fed.R.Civ.P. Rule 23(b)(3), the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and this class action is superior to other available methods for the fair and efficient adjudication of the controversy between the parties. Plaintiffs are informed and believe, and thereon allege that the interest of class members in individually controlling the prosecution of a separate action is low in that most class members would be unable to individually prosecute any action at all. Plaintiffs are informed and believe, and thereon allege that the amounts at stake for individuals are such that separate suits would be impracticable in that most members of the class will not be able to find counsel to represent them. Plaintiffs are informed and believe and thereon allege that it is desirable to concentrate all litigation in one forum because all of the claims arise in the same location, *i.e.*, the County of Los Angeles. It will promote judicial efficiency to resolve the common questions of law and fact in one forum, rather than in multiple courts.

46. Plaintiffs do not know the identities of the class members. Plaintiffs are informed and believe, and thereon allege that the identities of the class members are ascertainable from LASD records, in particular the LASD AJIS computer system used to track and identify LASD inmates. Plaintiffs are informed and believe, and thereon allege

that AJIS reflects the identities, including addresses and telephone numbers, of the persons who have been held in custody by LASD; when inmates were arrested and booked, taken to court, returned from court; why inmates were released; and when inmates were released.

47. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. The class action is superior to any other available means to resolve the issues raised on behalf of the class. The class action will be manageable because so many different records systems exist from which to ascertain the members of the class. Liability can be determined on a class-wide basis. Damages can be determined on a class-wide basis using a damages matrix set by a jury, or by trying the damages of a statistically valid sample of the class to a jury and extrapolating those damages to the class as a whole.

48. In accordance with Fed.R.Civ.P. Rule 23(b)(3), class members must be furnished with the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. Plaintiffs are informed and believe that LASD computer records contain a last known address for class members. Plaintiffs contemplate that individual notice be given to class members at such last known address by first class mail. Plaintiffs contemplate that the notice inform class members of the following:

    A.    The pendency of the class action, and the issues common to the class;

    B.    The nature of the action;

    C.    Their right to 'opt out' of the action within a given time, in which event they will not be bound by a decision rendered in the class action;

    D.    Their right, if they do not 'opt out,' to be represented by their own counsel and enter an appearance in the case; otherwise, they will be represented by the named plaintiffs and their counsel; and

    E.    Their right, if they do not 'opt out,' to share in any recovery in favor of the class, and conversely to be bound by any judgment on the common issues, adverse to the class.

49. Plaintiffs restate and incorporate by reference each of the foregoing and ensuing paragraphs in each of the following causes of action as if each paragraph was fully set forth therein.

### COUNT ONE – 42 U.S.C. §1983 [FOURTH AMENDMENT]
### (All Defendants)

50. In subjecting plaintiffs and class members to the unnecessary, demeaning, and outrageous intrusive strip and body cavity search, defendants, and each of them, violated plaintiffs' and class members' rights to be secure in their persons against unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. Therefore, plaintiffs and class members are entitled to bring suit and recover damages pursuant to 42 U.S.C. §1983.

51. As a direct and proximate cause of the aforementioned acts, plaintiffs and class members were damaged in an amount to be proven at trial.

### COUNT TWO – 42 U.S.C. §1983 [EQUAL PROTECTION]
### (All Defendants)

52. The unequal treatment of men and women – and the unnecessary, demeaning, and outrageous intrusive strip and body cavity searches inflicted on women but not men – deprived the female class members of the protections afforded by provisions of the 14th Amendment Equal Protection guarantees. Therefore, the female plaintiffs and class members are entitled to bring suit and recover damages pursuant to 42 U.S.C. §1983.

### COUNT THREE – ARTICLE 1, §§1 AND 13 OF THE CALIFORNIA CONSTITUTION [PRIVACY/FOURTH AMENDMENT ANALOGUE]
### (All Defendants)

53. Plaintiffs filed a Govt. Code §910 claim for damages against the defendants for the matters set forth in this complaint.

54. The unnecessary, demeaning, outrageous, and intrusive strip and body cavity search to which plaintiffs and class members were subjected violated plaintiffs' rights not

to be subjected to invasion of their fundamental privacy interests, as guaranteed by Article I, §1 of the California Constitution; and to be secure in their persons against unreasonable searches and seizures, as guaranteed by Article I, §13 of the California Constitution.

### COUNT FOUR – ARTICLE 1, §7, OF THE CALIFORNIA CONSTITUTION
### [EQUAL PROTECTION]
### (All Defendants)

55. The unequal treatment of men and women violated the female plaintiffs' rights not to be denied equal protection of the law, as guaranteed by Article I, §7 of the California Constitution; and to be secure in their persons against unreasonable searches and seizures, as guaranteed by Article I, § 13 of the California Constitution.

### COUNT FIVE - Cal. Civ. Code §52.1
### (All Defendants)

56. The unnecessary, demeaning, and outrageous intrusive strip and/or visual body cavity searches alleged herein were accomplished via threat, intimidation or coercion and/or threats of the same.

57. The unnecessary, demeaning, and outrageous intrusive strip and visual body cavity searches, and the unequal treatment of women, as opposed to men, deprived plaintiffs and the class they represent of the protections afforded by provisions of federal constitutional and state constitutional and statutory law, including but not limited to rights protected under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution; Article I, §§1, 7, 13, and 17, of the California state constitution, and California Penal Code § 4030. Therefore, plaintiffs and the class are entitled to bring suit and recover damages pursuant to Cal. Civ. Code §52.1(b).

58. As a direct and proximate cause of the aforementioned acts, plaintiffs and class members were damaged in an amount to be proven at trial but in any event not less than $4,000 per violation pursuant to the provisions of Civil Code §52(b).

59. The aforementioned acts of defendants directly and proximately caused

13

plaintiffs to be deprived of their California constitutional rights as stated above, thereby entitling plaintiffs and class members to recover damages proximately caused by defendants' wrongful acts.

### COUNT SIX – Violation of Statutory Duties
### (Penal Code § 4030)
### (Against Defendants County and LASD Only)

60. The unnecessary, demeaning, outrageous, and intrusive strip and body cavity searches, to which plaintiffs and the class members were subjected by defendants, violated plaintiffs' and the class members' state-law protections guaranteed by California Penal Code §4030.

61. The aforementioned acts of defendants directly and proximately caused the plaintiffs and the class members to be deprived of their rights as stated above, thereby entitling plaintiffs and class members to recover damages proximately caused by defendants' wrongful acts, including statutory damages under Penal Code §4030.

### COUNT SEVEN – Violation of Mandatory Duties
### (Against Defendants County and LASD)

62. The Fourth, Eighth and Fourteenth Amendments to the United States Constitution; Article I, §§1, 7, 13, and 17, of the California state constitution; California Penal Code §4030; and California Civil Code §52.1 are enactments. Enactments form the basis of a mandatory duty under California Government Code §815.6.

63. Any California constitutional provision is mandatory and prohibitory, per Article 1, §26, of the California Constitution.

64. These constitutional provisions and statutes apply to all members of the general public, including plaintiffs, and were all designed to prevent the kind of injuries alleged herein.

65. Defendants did not exercise reasonable diligence in discharging their duty to refrain from violating the constitutional rights of plaintiffs and class members.

66. As a direct and proximate cause of the aforementioned acts of defendants, plaintiffs and class members were damaged in amounts to be determined at trial.

## VII. PRAYER

WHEREFORE, plaintiffs, on behalf of themselves and the class members they represent, request damages against each defendant as follows:

1. General and special damages according to proof;

2. Temporary, preliminary and permanent injunctive relief prohibiting defendants from continuing to engage in the unlawful practices complained of herein;

3. As against the individual defendants only, punitive damages according to proof;

4. In addition to actual damages, statutory damages as allowed by law, including Penal Code §4030 and treble damages under California Civil Code §§52 and 52.1;

5. Attorneys' fees and costs under 42 U.S.C. §1988; California Civil Code §§52(b)(3), 52.1(h); California Code of Civil Procedure §1021.5, and whatever other statute or law may be applicable;

6. The costs of this suit and such other relief as is just and proper.

DATED: March 5 2010                 LITT, ESTUAR, HARRISON & KITSON, LLP
                                    ROBERT MANN
                                    DONALD COOK
                                    LAW OFFICES OF CYNTHIA ANDERSON-BARKER

                                    By: _____
                                    Barrett S. Litt
                                    Attorneys for Plaintiffs

### DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves individually and on behalf of the class, demand a jury trial.

DATED: March 5, 2010                _____
                                    Barrett S. Litt
                                    Attorney for Plaintiffs