1
2   Barrett S. Litt, SBN 45527
    Lindsay B. Battles, SBN 262862
3   Email: lbattles@kmbllaw.com
    Kaye, McLane, Bednarski & Litt, LLP
    234 East Colorado Boulevard, #230
    Pasadena, California 91101
4   Phone:     (626) 844-7660
    Facsimile: (626) 844-7670
5
6   Donald W. Cook, SBN 116666
    Email: doncook@earthlink.net
    Attorney at Law                          Cynthia Anderson-Barker, SBN 175764
7   3435 Wilshire Boulevard, Suite 2910      Email: cablaw@hotmail.com
    Los Angeles, California 90010            Law Offices Of Cynthia Anderson-Barker
8   Phone: (213) 252-9444                    3435 Wilshire Boulevard, Suite 2910
    Facsimile: (213) 252-0091                Los Angeles, California 90010
9                                            Phone: (213) 252-9444
                                             Facsimile: (213) 252-0091
10  Attorneys for Plaintiffs

11

12

13                     UNITED STATES DISTRICT COURT

14                    CENTRAL DISTRICT OF CALIFORNIA

15   MARY    AMADOR,    individually        Case No. CV 10-1649 SVW (JEM)
     and as class representatives, et al.,
16   Plaintiffs,                            [Hon. Stephen V. Wilson]

17          vs.

18   SHERIFF   LEROY   D.   BACA,           [~~PROPOSED~~] ORDER RE
     individually  and  in  his  official   STIPULATED PROTECTIVE ORDER
19   capacity, et al,
     Defendants.

20

21       The parties' joint request for stipulated protective order is hereby

22   GRANTED, pursuant to the terms set forth herein:

23   **I.      PURPOSES AND LIMITATIONS**

24       Disclosure and discovery activity in this action involve production of

25   confidential, proprietary, or private information for which special protection from

26   public disclosure and from use for any purpose other than prosecuting this

27   litigation may be warranted. This private and confidential information includes

28   confidential jail records earlier produced by Defendants' and (previously)

                                        1

designated as "Confidential," inmate surveys concerning strip search conditions, and inmate declarations concerning strip search conditions. The parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order to address sensitive and confidential information contained in the above-described materials.

The parties acknowledge that this Order extends only to the information or items described in Section 2.6, below. The parties further acknowledge that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II.   **DEFINITIONS**

2.1   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"Confidential" Information or Items</u>: information  or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

2.4   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.5   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.6   <u>Protected Material</u>: Protected Material includes two categories of documents: (1) inmate-specific documents previously produced by Defendants, Bates stamped D822-D2591 (stamped "Confidential Subject to Protective Order"), and any similar inmate-specific jail records that may later be produced by

2

Defendants; and (2) questionnaires and declarations produced by Plaintiffs' counsel concerning former or current jail inmates' experience during strip searches/visual body cavity searches, including Plaintiffs' Exhibits 800 – 924 (filed under seal in support of Plaintiffs' Motion for Class Certification and previously stamped "Confidential-Subject to Protective Order) and any additional questionnaires or declarations that may be produced in support of Plaintiffs' claims in this case that bear a confidential stamp. The latter category of documents contains (or, for future disclosures, is likely to contain) substantial personal and private information regarding putative class members.

2.7    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.8    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

III.    **SCOPE**

The protections conferred by this Stipulation and Order cover Protected Material (as defined above), copies or excerpts of Protected Material, and testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material. The protections conferred by this Stipulation and Order do not cover: (a) any information that is in the public domain at the time of disclosure or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party before the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## IV.    **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V.    **DESIGNATING PROTECTED MATERIAL**

Exercise of Restraint and Care in Designating Material for Protection: Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Manner of Designation:  For information in documentary form, the Producing Party shall affix the legend "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" to each page that contains protected material. The legend shall not be affixed in a manner that obscures or makes illegible information in the Protected Material. For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party shall identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

Inadvertent Failures to Designate:  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make

reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

<u>Timing of Challenges</u>: Any Party or Non-Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

<u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each challenged designation and the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. A Challenging Party may seek judicial intervention only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

## VII.  <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

<u>Basic Principles</u>: The Receiving Party may use Protected Material for prosecuting, defending, or attempting to settle this litigation, and for no other purpose.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

<u>Disclosure of Protected Material</u>: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information;

(b)  Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have acknowledged on the record to be bound. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

<u>Unauthorized Disclosure</u>: If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

## VIII.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If the Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena

or order is subject to the Protective Order entered pursuant to this Stipulation. Such notification shall include a copy of the Stipulated Protective Order; and the Party served with the subpoena or court order shall not produce any information designated as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

## IX.   MISCELLANOUS

Right to Further Relief: Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

Right to Assert Other Objections: By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Filing Protected Material: Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.1.

## X.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, excerpts, and any other format reproducing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and

1    hearing transcripts, legal memoranda, correspondence, deposition and trial

2    exhibits, expert reports, attorney work product, and consultant and expert work

3    product, even if such materials contain Protected Material. Any such archival

4    copies that contain or constitute Protected Material remain subject to this

5    Protective Order as set forth in Section 4 (DURATION).

6    Dated this 18th day of February, 2014

7                                              JOHN E. MCDERMOTT

8                                        United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28