Barrett S. Litt, SBN 45527
blitt@kmbllaw.com
Lindsay Battles, SBN 262862
Kaye, McLane, Bednarski & Litt, LLP
975 East Green Street
Pasadena, California 91106
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

Donald W. Cook, SBN 116666
manncook@earthlink.net
Attorney at Law
3435 Wilshire Boulevard, Suite 2910
Los Angeles, California 90010
Phone: (213) 252-9444
Facsimile: (213) 252-0091

Colleen M. Flynn, SBN 234281
cflynnlaw@yahoo.com
LAW OFFICE OF COLLEEN FLYNN
3435 Wilshire Boulevard, Suite 2910
Los Angeles, California 9001 0
Phone:  (213) 252-9444
Facsimile: (213) 252-0091

Cynthia Anderson-Barker, SBN 175764
cablaw@hotmail.com
Law Offices Of Cynthia Anderson-Barker
3435 Wilshire Boulevard, Suite 2910
Los Angeles, California 90010
Phone: (213) 252-9444
Facsimile: (213) 252-0091

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY AMADOR, et al., | Case No. CV 10-01649 SVW (JEMx) |
| Plaintiffs, | [Honorable Stephen V. Wilson] |
| vs. | **RENEWED NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; [PROPOSED] ORDER; DECLARATIONS AND EXHIBITS** |
| SHERIFF LEROY D. BACA, etc., et al., | |
| Defendants. | **Date:      December 2, 2019**<br>**Time:    ____1:30 P.M._**<br>**Place:      Courtroom 5A** |

TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on December 2, 2019, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 5A of the United States District Court for the Central District of California, 350 West First Street, Los Angeles, California 90012, Plaintiffs will, and hereby do, renew their motion for the Court to preliminarily approve the proposed settlement in this case, and to authorize the mailing and other forms of notice to class members.

This motion is unopposed and is based on the accompanying Memorandum of Law, the stipulation of all parties to entry of the proposed Preliminary Approval Order, the proposed Preliminary Approval Order and exhibits thereto filed concurrently, the files and records in this case, and on such further evidence as may be presented at a hearing on the motion.

DATED: October 31, 2019                    Respectfully submitted,

Kaye, McLane, Bednarski & Litt, LLP
By: /s/ Barrett S. Litt
   Barrett S. Litt
   Attorneys for Plaintiffs

By: /s/ Lindsay Battles
   Lindsay Battles
   Attorneys for Plaintiffs

**MEMORANDUM OF POINTS & AUTHORITIES**

## I.  INTRODUCTION

The Court is familiar with the parties' proposed settlement in this case since it has previously considered a motion for preliminary approval (Dkt. 387) and denied the motion with leave to renew it after determining whether the parties would agree to remove the provision that up to $3 Million of the Class Fund would be used to fund contracts between the County of Los Angeles, on the one hand, the Moss Group and the Center for Gender and Justice ("CGJ"), on the other hand (the "Moss/CGJ Contracts"). Dkt. 394. The Court was "unconvinced that such benefits stemming from improvements in future LASD policing conduct are sufficiently connected to this class collectively to justify reducing the overall Class Fund by almost 10% (given the calculations described in the Settlement Agreement) after attorney's fees and costs are deducted." *Id.*, p.9. Based on this provision of the settlement agreement, "the Court conclude[d] that the settlement agreement as presented does not give 'adequate relief' to class members, and thus cannot give preliminary approval to the settlement as proposed." *Id.*[1]

With the exception of the possible concerns expressed in Fn. 1, which the Court did not believe would presently cause it to deny preliminary approval, but

---

[1] The Court also noted the existence of, and concern about, a cy pres provision in the event of a low claim rate. While the Court was "inclined to think that any *cy pres* distribution intended to prevent windfall payments is wholly inappropriate in the context of a class consisting of individuals who have suffered constitutional violations," *id.* at pg. 11, the Court considered it unlikely that these provisions would become applicable given Counsel's projection of the likely claims rate. Thus, the Court did "not find it necessary to deny preliminary approval on this basis" but did "reserve the right upon motion for final approval, to review the actual claims rate and the actual distribution of the Class Fund under the same 'fair, reasonable, and adequate' standard" it applied to the $3 Million Moss/CGJ Contracts. *Ibid.* The parties accordingly do not modify this provision but acknowledge the court's expression of concern about it.

1

which the Court intended to review at the time of final approval, the Court otherwise found that the settlement qualified for preliminary approval. In light of the concerns expressed by the Court, the parties have revised the settlement agreement "to remove any and all provisions of the settlement agreement that refer to the payment of up to $3 Million to fund contracts with the Moss Group and/or the Center for Gender and Justice." See Executed Revised Settlement Agreement, attached as Ex. A. The settlement agreement prior to amendment was submitted as an exhibit to previous preliminary approval motion. See Dkt. 387-2.

Specifically, the parties' modified settlement agreement includes removal of the following provisions of the settlement agreement:

1. The paragraph beginning on p.3 and extending to p.4 that begins with "As a form of indirect compensation" and ends with "February 2019 motion titled 'Building a Gender-Responsive Criminal Justice System.' "

2. The two references on pp.7-8 (Definition # 24) that read ", and the Moss/CGJ Contracts" and ", and the Moss/CGJ Contracts (maximum $3 Million)."

3. The language on p.8 (Definition #24) that read "thus the Minimum Remainder is estimated to amount to $30,883,000, which the Parties agree to round up to $31,000,000" is amended to read, "thus the Minimum Remainder is estimated to amount to $33,883,000, which the Parties agree to round up to $34,000,000."

4. The language on p.10 (¶4) that reads ", and the Moss/CGJ Contracts" (referring to determination of the final amount of the Remainer).

5. The language on p.24 (¶48) that reads "; 1/3 of the costs of the Moss/CGJ Contracts shall be taken (or held for that purpose by the Administrator) from each payment."

6. Section IV "THE MOSS/CGJ CONTRACTS"), ¶¶65-67 (pp. 26-27).

2

For the Court's reference, we submit a red-lined version of the revised settlement agreement reflecting all changes to remove references to payments for the Moss Group and/or the Center for Gender and Justice. *See* Red-Lined Draft Revised Settlement Agreement, Ex. B.

In the earlier preliminary approval motion, the parties attached a proposed class notice, claim form and the JND Class Administration bid. Only the class notice has changed as a result of the amendment. The amended class notice is submitted as Ex. C to this motion. It is the same as the previous class notice except that references to payment for contracts with organizations that specialize in making women's jail safer and more sensitive to women's needs are removed, and the estimated amount of the fund to go to class members is increased by $3 Million.

The parties agree that the following dates are appropriate for settlement notice and other dates related to the settlement and final approval:

    (a) Final class identifying information, to the extent not already provided, will be provided to Class Administrator JND Legal Administration no later than Friday, January 13, 2020;

    (b) Friday, January 13, 2020: Class member website shall be updated to reflect preliminary approval order and to permit class members to submit claims online;

    (c) Monday, February 3, 2020 (or earlier): First round of class notice: first-class mail to all class members except those for whom the Claims Administrator has **both** an email address and mobile phone number (in which case the class member will receive notice by mail and text);

    (d) Monday, February 3, 2020 (or earlier): summary publication in Prison Legal News (a publication widely distributed to inmates throughout the country) and begin selective social media/online outreach directly targeting class members' Facebook and/or Instagram accounts;

3

(e) Monday, February 3, 2020 (or earlier): signage posted at CRDF and Twin Towers advising inmates of settlement and how to make a claim; claim forms available to all detainees at these facilities;

(f) Monday March 2, 2020: Notice by regular mail to all class members who were initially notified by electronic means only (those who received notice by email and text) and who have not yet submitted claim forms along with the explanation that they were sent such electronic notice but this notice is being sent as well because they did not file a claim or exclude themselves from the settlement;

(g) Monday, March 2, 2020: The Class Administrator will begin periodically reminding class members through email/text blasts to file claims;

(h) Monday, March 9, 2020: Filing of Plaintiffs' Motion for Award of Attorneys' Fees and Costs;

(i) Monday, June 29, 2020: Deadline to file Class Members' Objections to any aspect of the Settlement (including Plaintiffs' Motion for Award of Attorneys' Fees and Costs): Must be postmarked or received by that date;

(j) Monday, June 29, 2020: Deadline to opt-out: Must be postmarked or received by that date;

(k) Monday, June 29, 2020: Deadline to file class claims: Must be postmarked or received by that date;

(l) Monday, July 27, 2020: Deadline to file Opposition or Reply to Objections (including to objections to award of attorneys' fees and costs);

(m) Monday, July 27, 2020: Deadline to file proposed final approval order and motion for final approval of settlement;

(n) Monday, August 10, 2020: Final Approval hearing.

1      The parties also agree that, if for some reason the class notice process does
2  not begin by January 13, 2020, as provided above, the subsequent dates contained
3  should be deferred for the number of additional days before such notice occurs
4  without the need for additional Court approval. However, the Court must approve
5  any change of the date of the Final Approval Hearing.

6  **II.   CONCLUSION**

7      For the foregoing reasons, and with the foregoing modification to the
8  settlement agreement to address the Court's concerns, Plaintiffs ask that the Court
9  preliminarily approve the settlement, and sign the proposed Preliminary Approval
10  Order (with any revisions the Court deems necessary). The Proposed Preliminary
11  Approval Order contains a provision approving the parties' request to issue notice
12  using a combination of mail, email and text message (and specifically approving
13  the parties' request for text message notice).  It differs from the prior proposed
14  order in that the it conforms to the new settlement terms and contains modified
15  dates. It assumes that the order will be entered by the end of November 2019. If it
16  is later, the dates may need to be modified to allow sufficient time to follow the
17  schedule. In light of the proximity to the holidays, the schedule does not begin
18  until January 2020.

19  DATED: October 31 , 2019          Respectfully submitted,

20
21                                    KAYE, McLANE, BEDNARSKI & LITT,
                                         LLP
22
23                                    By: /s/ Barrett S. Litt
                                          Barrett S. Litt
24
25                                    By: /s/ Lindsay Battles
                                          Lindsay Battles
26                                        Attorneys for Plaintiffs
27
28

5