**Exhibit C**

**(Class Action Lawsuit Against LASD for Strip Searches at CRDF)**
*Amador v. Baca -* CV 10-01649 SVW

## Class Action Settlement Notice

*Amador v. Baca* is a class action lawsuit against the Los Angeles County Sheriff's Department ("LASD" or "County"). It challenges the way LASD performed strip searches at the Century Regional Detention Facility ("CRDF"), located in Lynwood, CA. In 2017, the court found the LASD's search practices were unconstitutional. The parties have now reached a settlement. If the Court approves the settlement, class members will receive money.

You are a class member and may be entitled to money if you were searched in a group, upon entering or returning to CRDF, between March 5, 2008, and January 31, 2015. Class members *could be entitled to several hundred dollars per search, and thousands of dollars for those searched many times.* Anyone who qualifies and files will get at least $200.

You may be entitled to receive **MONEY**, but only if you **FILE** a **CLAIM** no later than [date]. **DON'T DELAY.**

There are three ways to file a claim:

    (1)    Go to [website]
    (2)    Email a copy of the enclosed claim form [email]
    (3)    Mail a copy of the enclosed claim form [address]

**If you do not submit a claim, you will receive no money.**

If you have questions, email or call 1-_____. The following pages provide more information and answer common questions.

**Esta Notificación de arreglo colectivo está disponible en español. Llame sin cargo: 1-_____ o visite el siguiente sitio web: www._____.com.**

1

## Questions:

1. **Who is part of this case?**

You are a class member (part of this case) if you were strip searched in a group, outside in the bus garage, while entering or returning to the Lynwood Jail ("CRDF"). The case covers such searches for the period March 5, 2008 to January 31, 2015. Only LASD records will be used to decide who is a class member.

2. **Who is the judge presiding over the case?**

This case was filed in United States District Court. The Judge is United States District Court Judge Stephen Wilson. Judge Wilson will decide whether the settlement is fair to class members.

3. **Why am I receiving this notice?**

The court is sending this notice to everyone who may qualify as a class member. If you are a class member, the settlement will affect your rights. You have a right to know about the settlement and your choices.

4. **Who are the lawyers representing class members?**

The Court has approved a team of lawyers (called "Class Counsel") to collectively represent you. These lawyers have been working on this case since 2010. You don't have to pay your own money for the work these attorneys have done. Instead, the lawyers will ask to be paid from the total settlement fund. You can hire your own lawyer to advise you if you want but don't need to.

5. **How much money will the LASD pay and how will it be distributed?**

The settlement provides for payment of a total of $53 million dollars. Here's how the money will be divided:

   a. Between approximately $34 million to $39 million will be divided among class members who file claims. (How much depends on certain decisions the Court makes.)

   b. The attorneys will be paid fees not to exceed one-third (33.33%) of the total fund, plus case expenses, which could be up to approximately $18,000,000 if plaintiffs' counsel requests 1/3. The Court may pay the attorneys less than 33% but not more.

    c. Payment of $10,000 to each of the 9 class representatives for their role in starting and supporting the case.

    d. Additional payments to a court appointed class administrator to notify the class and distribute the money.

6. **How much money will I receive?**

Each class member who submits a claim will receive a share of the settlement based on the total number of claimants (people who submit claims). The money will be divided among the claimants based on several things: the number of searches each person had, the weather when the search happened, and how bad the lack of privacy was during the search (the earlier searches were generally worse). Each person will receive a certain number of points based on these issues, and the settlement will be divided based on each person's points.

<u>If you don't file a claim on time, you will get no points and no money. It is divided only to those who file on time.</u>

No class member who files a claim will receive less than $200 (for one search under the least bad conditions). Persons with the highest number of searches – up to 50 will count for points – will likely receive thousands of dollars.

7. **How much will the lawyers be paid?**

The court will decide how much they will be paid. The lawyers may ask the Court for a fee of up to one-third (33.33%) of the total available class fund (one-third of 53 million), plus case expenses, which could be up to $18,000,000 if plaintiffs' counsel requests the full 1/3. The Court can award less than that, but not more.

You will not personally pay any attorneys' fees that the court awards to the attorneys.

8. **If I do not like the settlement – or some part of it – how do I tell the Court?**

You can stay a class member and object to all or part of the settlement . If you object, you must tell the court specifically what you think is unfair about the settlement or request for fees.

To do this, mail a written statement with the case name and number at the top of the page (*Amador v. Baca*, Case No. CV 10-01649 SVW). Include your name,

your address, your telephone number, signature and the reason why you object. (If you previously used a different name, include any names you have used.)

Your objections must be mailed and postmarked no later than [date]. You must send your objection and copies to all the people in the chart below.

| Clerk of the District Court | Kaye, McLane, Bednarski & Litt<br><br>Attn: Julia White<br>975 E. Green Street<br>Pasadena, CA 91106<br><br>[counsel for Plaintiffs] | Glaser Weil<br><br>Attn: _____<br>10250 Constellation Blvd #19<br>Los Angeles, CA 90067<br><br>[counsel for LASD] |

The Court will consider your objection and decide whether to overrule it or change the settlement agreement. You will only be allowed to appear at the hearing and argue your objection to the court if your objection states you wish to do so.

If the court accepts or rejects your objection, you remain a member of the class and will be bound by the settlement agreement, and will get your share of the settlement. (This means you're giving up claims against the LASD for strip searches covered by this case.)

### 9. Can I exclude myself from the settlement?

If you do not want to be a member of the class at all, or if you want to be able to file your own lawsuit, or be part of a different lawsuit, then you must take steps to exclude yourself. This is sometimes is referred to as "opting out" of the class.

To do this, mail a written statement with the case name and number at the top of the page (*Amador v. Baca*, Case No. CV 10-01649 SVW). Include your name, your address, your telephone number, signature and a statement that you wish to exclude yourself or similar words. (If you previously used a different name, include any names you have used). You don't need to explain why you are excluding yourself.

You must mail your Exclusion Request, postmarked no later than [date], to:

*Amador v. Baca* Settlement Administrator
_____
_____

4

### 10. What is the difference between objecting and excluding yourself?

Objecting is telling the Court that you do not like something about the settlement but staying in the case. Excluding yourself or "opting out" is telling the Court that you do not want to be part of the case. If you exclude yourself, you cannot object because you are no longer part of the case, and it doesn't affect you.

### 11. What if I do nothing?

If you do nothing, you will receive no money from the settlement **and** you will be giving up your rights against the County. **Be sure to file a claim form unless you exclude yourself.**

### 12. Am I giving up any rights?

People who submit claims, object or do nothing, give up their right to sue the LASD (or its employees) for claims covered by this case. This means that you will not be able to sue the LASD for strip searches that occurred when entering or returning to CRDF between March 5, 2008 and January 31, 2015. You are not giving up claims against the LASD unrelated to this case.

People who exclude themselves ("opt out") do *not* give up claims because they are no longer part of the case.

### 13. When will the judge decide whether to approve the settlement?

The Court has scheduled a hearing for [date/time] to decide if the settlement is fair. If the Court decides it is, it will approve the settlement and will determine the attorneys' fees and costs to be awarded. The hearing date may change. There will not be a new notice if it does.

[hearing location]

You can come to the hearing, but you do not have to. The attorneys handling the case will answer any questions the Court may have.

If you submitted an objection and indicated that you wanted to speak at the hearing, the Court *may* permit you to speak.

### 14. When will I receive money from the settlement?

The Court has set the last day to submit a claim for [date].

**If you do not submit a claim by then, you get no money. So file early.**

After final court approval, it will take at least two to three months, and possibly more, to process claims and calculate the amount due to each class member, and begin payments.

Because of the large size of the fund, the County will pay the claims (and attorney's fees and costs) in three payments, a year apart. Class members will be paid in one, two or three payments, depending on how large their claim is. You will be notified with the first payment of whether and when you will receive additional payments.

After you file a claim, check the website for this case about the status of court approval and when payment mailings are expected. Or contact the class administrator by calling: 1-855-233-1237 or via the website www.lynwoodstripsearch.com.

### 15. Where can I learn more?

For more details, go to the website titled www.lynwoodstripsearch.com. The website has links to the complete settlement documents in this case, as well as the motion for attorneys' fees. If you still have questions, you may call 1-855-233-1237