FILED
CLERK, U.S. DISTRICT COURT

NOV - 7 2019

CENTRAL DISTRICT OF CALIFORNIA
BY          PM Cruz          DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY AMADOR, et al., | Case No. CV 10-01649 SVW (JEMx) |
| Plaintiffs, | [Honorable Stephen V. Wilson] |
| vs. | CORRECTED [PROPOSED AMENDED] PRELIMINARY APPROVAL ORDER; EXHIBITS |
| SHERIFF LEROY D. BACA, etc., et al., | Date: _  December 2, 2019 |
| Defendants. | Time: _  1:30 P.M._ |
| | Place:  Courtroom 10A__ |

The parties have submitted this joint Preliminary Approval Order of the Class Settlement for the Court's review, including the following exhibits: the Executed, Revised Settlement Agreement (Exhibit A hereto) (the "Revised Settlement Agreement"), the Red-Lined Draft Revised Settlement Agreement (Exhibit B hereto), the amended Class Notice (Exhibit C hereto), the Claim Form (Exhibit D hereto),and the Class Administrator bid (Exhibit E hereto). Counsel for the parties, who signed the Revised Settlement Agreement, represent that their respective clients have approved the settlement.

The Named Plaintiffs/Class Representatives are Mary Amador, Lora Barranca, Diana Paiz, Diane Vigil, Alisa Battiste, Felice Cholewiak, Evangelina Madrid, Myeshia Williams, and Nancy Briseño. Plaintiffs are former (or current at the time of the filing of the complaint) inmates of the Los Angeles Sheriff's Department's ("LASD") women's jail known as Century Regional Detention Facility (hereafter "CRDF"). Plaintiffs contended that the LASD routinely subjected female inmates to highly invasive body cavity inspections, in large groups (often over 40 women), without individual privacy, and despite the absence of a penological justification and the ready availability of alternatives, in violation of the Fourth Amendment. The Court granted summary judgment on liability. See Dkt. 361. The Defendants are the County of Los Angeles, the Los Angeles County Sheriff's Department, former Los Angeles County Sheriff Leroy Baca, and various individual members of the LASD.

While Defendants continue to dispute the validity of Plaintiffs' allegations, the parties have agreed to enter into this Settlement Agreement to avoid the mutual risks of litigation.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**I.      PRELIMINARY APPROVAL OF SETTLEMENT**

1.      This Order incorporates by reference the definitions in the Settlement Agreement, a copy of which is attached to this Order as Exhibit A, and also

1

incorporates Exhibits C through E to this Order (which are described above). All terms defined therein shall have the same meaning in this Order.

2.     The Settlement Agreement, as revised, is hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. The Court finds that the non-reversionary class settlement fund of $53,000,000 and its proposed allocation, and the other provisions contained within the Settlement Agreement, are within the range of what would constitute a fair, reasonable, and adequate settlement in the best interests of the Class as a whole, and that the terms of the Settlement Agreement otherwise satisfy the Federal Rules of Civil Procedure 23(e) and due process requirements.

## II.     DEADLINES FOR NOTICE, FILING OBJECTIONS AND OPT-OUTS, AND DATE OF FAIRNESS (FINAL APPROVAL) HEARING

3.     The Court has set the following dates for purposes of this class action:

(a) Final class identifying information, to the extent not already provided, will be provided to Class Administrator JND Legal Administration no later than Monday, December 2, 2019;

(b) Friday, December 6, 2019: Class member website shall be updated to reflect preliminary approval order and to permit class members to submit claims online;

(c) Monday, January 6, 2020 (or earlier): First round of class notice: first-class mail to all class members except those for whom the Claims Administrator has **both** an email address and mobile phone number (in which case the class member will receive notice by mail and text);

(d) Monday, January 6, 2020 (or earlier): summary publication in Prison Legal News (a publication widely distributed to inmates throughout the country) and begin selective social media/online outreach directly targeting class members' Facebook and/or Instagram accounts;

(e) Monday, January 6, 2020 (or earlier): signage posted at CRDF and

2

Twin Towers advising inmates of settlement and how to make a claim; claim forms available to all detainees at these facilities;

(f) Thursday, February 6, 2020: Notice by regular mail to all class members who were initially notified by electronic means only (those who received notice by email and text) and who have not yet submitted claim forms along with the explanation that they were sent such electronic notice but this notice is being sent as well because they did not file a claim or exclude themselves from the settlement;

(g) Thursday, February 6, 2020: The Class Administrator will begin periodically reminding class members through email/text blasts to file claims;

(h) Monday, February 10, 2020: Filing of Plaintiffs' Motion for Award of Attorneys' Fees and Costs;

(i) Thursday, June 4, 2020: Deadline to file Class Members' Objections to any aspect of the Settlement (including Plaintiffs' Motion for Award of Attorneys' Fees and Costs): Must be postmarked or received by that date;

(j) Thursday, June 4, 2020: Deadline to opt-out: Must be postmarked or received by that date;

(k) Thursday, June 4, 2020: Deadline to file class claims: Must be postmarked or received by that date;

(l) Monday, July 6, 2020: Deadline to file Opposition or Reply to Objections (including to objections to award of attorneys' fees and costs);

(m) Monday, July 6, 2020: Deadline to file proposed final approval order and motion for final approval of settlement;

(n) Monday, July 20, 2020: Final Approval hearing.

4.     In the event that the class notice process does not by January 6, 2020,

3

as provided above, the subsequent dates contained herein will be deferred for the number of additional days before such notice occurs without the need for additional Court approval. However, the Court must approve any change of the date of the Final Approval Hearing.

5.     If the number of Opt Outs amounts to 250 or more, Defendants shall have the option of withdrawing from the settlement.

6.     The Parties have identified exclusively from Los Angeles County Jail records Damages Class Members based on who was housed at CRDF and the times and days they were strip/visual body cavity searched during the damages period. Only persons so identified are Damages Class members.

7.     The "Class Damages Period" refers to the period between March 5, 2008 (two years before the filing of the complaint) and January 1, 2015 (the date scanners or privacy partitions were available for all CRDF strip searches).

## III.    SETTLEMENT TERMS.

8.     In summary, the settlement's basic terms, as they relate to Damages Class Members, are that Defendants will provide payment of a total of Fifty-Three Million dollars ($53,000,000) equally spread over a three-year period into a Class Fund. From that amount, the following awards will be made, subject to court approval:

a.  Incentive awards to the 9 Named Plaintiffs in the amount of $10,000 each (for a total of $90,000).

b.  Payment of the third-party class settlement administration costs to the chosen class administrator, JND Legal Administration, estimated at a maximum of approximately $464,000 for a claims rate of up to 33% (which, based on counsel's experience in Jail cases, is substantially higher than the expected claims rate.) However, depending on the response rate to the notice, Plaintiffs' counsel may request that JND do greater outreach, which would increase the cost.

4

c. Plaintiffs will file a motion for attorney's fees and costs to be approved by the court. The settlement agreement provides that Plaintiffs' counsel may request up to 1/3 of the class fund but not more, plus reimbursement of litigation costs. The final determination of the appropriate attorneys' fee will be made by the Court.

d. The remainder of the Class Fund (estimated as a minimum of slightly under $34 Million) shall be distributed to the class members (including Named Plaintiffs/Class Representatives) under a formula contained in ¶¶5-13 of the Settlement Agreement (Exhibit A to the proposed Preliminary Approval Order), particularly ¶7.

9.      The distribution formula awards a certain number of points for each strip/visual body cavity search. The number of points per search ranges between 70 – 100, based on the time period in which the search occurred. The points vary according to time period because the invasiveness of the search conditions varied over time, with the worst conditions occurring prior to July 2011. Each search conducted at a temperature of 70 degrees or less receives an additional 10-points. The per-search points are assigned to each class member, up to their 50th search.[1] This cap is to ensure that outliers who have outsized claims do not distort the meaningfulness of the recovery to the remaining class members. (Such outliers would be entitled to opt out and pursue their own claims if they so chose.)

10.     Once the claims period closes, the claims administrator will calculate the total points for each class member and total points for all claiming class members who submitted timely claims. Each class member's recovery will be determined based on that class member's percentage of the total points for all class members.

11.     Despite the foregoing, no class member who qualifies for payment will receive less than a total of $200. (This minimum payment amount would

---

[1] The "50-search cap" applies to less than .04% of the class.

5

1   apply only in the event of an unexpectedly high claims rate).

2   12.   The Class Fund is non-reversionary. However, to ensure that there is

3   not a windfall to claiming class members in the event of a very low claims rate,

4   there will be a donation to *cy pres* organizations to be agreed on to the extent that

5   the total value of claims is less than the agreed upon "Minimum Remainder" of

6   $31 Million. The value of the claims for purposes of this provision is based on the

7   following chart. The Court has reservations about this provision that will be

8   addressed, if necessary, at the Final Approval Hearing and in the Final Approval

9   Order.

| CY PRES FORMULA | |
|---|---|
| **# SEARCHES** | **AMOUNT** |
| 1-3 | $5,000 |
| 4-6 | $10,000 |
| 7-10 | $15,000 |
| 11+ | $20,000 |

**IV.   CLASS ADMINISTRATOR**

13.   The Court approves the retention of JND Legal Administration ("JND") as Class Administrator, to administer the distribution of the Class and Settlement Notice and publication of the Class and Settlement Notice, and to distribute the proceeds of the settlement to all eligible Class Members pursuant to the Plan set out in the Settlement Agreement (Exhibit A) should the Court grant final approval. Exhibit E (the Class Administrator bid) includes the qualifications of JND, which establishes to the Court's satisfaction the qualifications of JND to act as the Class Administrator.

14.   The Class Administrator shall preserve all written communications from Class Members in response to the Class and Settlement Notice at least until December 31, 2023, or pursuant to further order of the Court. All written communications received by the Class Administrator from Class Members relating to the Settlement Agreement shall be available at all reasonable times for

inspection and copying by Counsel for the Parties, and copies shall be regularly provided to Counsel for the Parties.

15.     The Class Administrator shall be compensated from the Class Damages Fund for its services in connection with notice and administration and for the costs of giving mailed and published notice, and the other services it performs, pursuant to such orders as the Court may enter from time to time.

16.     Within two weeks after this Preliminary Approval Order is signed by the Court, the County of Los Angeles shall deposit or cause to be deposited into an account designated by the Class Administrator by check sent by overnight mail an amount of same day available funds equal to the amount requested by the Class Administrator to cover the costs of notice as provided herein, and will provide additional funds for its administrative work pursuant to the terms of its accepted bid, a copy of which is attached as Exhibit E. Prior to entry of the Final Order of Approval of Settlement, the Class Administrator will not accrue any costs not itemized in Exhibit E unless agreed to by the Plaintiffs' counsel and approved by the Court. If the Court does not enter the Final Order of Approval and Settlement, then all such funds paid to the Class Administrator, to the extent they are available after payment of all accrued class administration expenses, shall be returned to Defendants.

17.     If this settlement does not go through for any reason, a new settlement is not reached, the case goes to trial, and Plaintiffs are not successful in their prosecution of the case, Defendants shall not seek reimbursement from Plaintiffs of class administration funds paid under this settlement.

## V.     CLASS COUNSEL

18.     Barrett S. Litt and Lindsay Battles of Kaye, McLane, Bednarski & Litt are hereby confirmed as counsel for the Class Representatives and the Class ("Class Counsel").

19.     Class Counsel are authorized to act on behalf of the Class with respect

to all acts or consents required by or which may be given pursuant to the Settlement, and such other acts reasonably necessary to consummate the Settlement.

## VI.        CLASS AND SETTLEMENT NOTICE

20.    Class Counsel shall provide the Class and Settlement Notice to the Class Administrator for distribution according to the schedule set forth above. Such notice shall be in substantially the form as proposed in the amended class notice, (Exhibit C to this order) and shall be communicated as provided in ¶ 3(b) and (c) above (providing for both text message, email and regular mail notice); returned mail shall be subject to follow up mailings after appropriate searches of the available databases. No notice by publication shall be required because such notice has not proven effective at reaching class members, and the resources are better spent on attempting to reach class members through electronic email and other means of electronic outreach. See revisions to F.R.Civ.P 23 (c)(2)(B) effective December 2019 (acknowledging that notice "may be by ... electronic means, or other appropriate means" in addition to or in lieu of United States mail).

21.    Defendants represent that they have already provided the name, address, social security number, date of birth, driver's license information, and any other identifying information of Damages Class Members, to Plaintiffs' counsel, who will transmit it to the Class Administrator. Such information shall be confidential and may not be disclosed to anyone except counsel of record, the Class Administrator, and designated representatives of Defendants. Should the Defendants discover at any time any additional information containing relevant class information, they shall promptly provide it to Plaintiffs' counsel and the Class Administrator.

22.    At least seven days before the Fairness Hearing, Class Counsel and/or the Class Administrator shall serve and file a sworn statement by the Class

8

Administrator attesting to compliance with the provisions of this Order governing Class and Settlement Notice. This shall include a list of all people who have opted out of the class.

23.  The Court approves the amended Class and Settlement Notice attached as Exhibit C.

24.  The Court approves the Claim Form attached as Exhibit D.

25.  The Court approves the Class Administrator Bid attached as Exhibit E.

26.  The Court finds that the notice required by the foregoing provisions of this Order is the best notice practicable under the circumstances and shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all Class Members and other persons affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Rule 23 Federal Rules of Civil Procedure and due process.

## VII.    THE FAIRNESS HEARING (FINAL APPROVAL HEARING)

27.  A Fairness Hearing shall be held on July 20, 2020, to consider: (a) the fairness, reasonableness, and adequacy of the Settlement; (b) whether a Final Order of Approval and Settlement should be entered in its current or some modified form; and (c) the application by Class Counsel for attorneys' fees and expenses (the "Fee Motion").

28.  At least two weeks prior to the Fairness Hearing, Plaintiffs shall submit a proposed Final Approval Order, which shall be approved by Defendants. That proposed order will contain the final provisions the Parties seek the Court to finally approve and the Parties' proposed court orders related to any objections that have been filed. It will not be necessary to file a separate motion for final approval.

29.  The date and time of the Fairness Hearing shall be set forth in the Class and Settlement Notice but shall be subject to adjournment by the Court

9

without further notice to the Class Members other than that which may be posted
at the Court and on the Court's web site.

30.     Any Class Member who objects to the approval of the Settlement
Agreement, the Fee Motion, the Named Plaintiffs' incentive awards or the
proposed allocation of damages among class members may appear at the Fairness
Hearing and show cause why any one of the foregoing should not be approved as
fair, reasonable, and adequate, and why the Final Order of Approval and
Settlement should not be entered, except that no such Class Member may appear at
the Fairness Hearing unless the Class Member, no later than June 4, 2020 [the date
to file objections to the Settlement] (a) files with the Clerk of the Court a notice of
such person's intention to appear, a statement that indicates the basis and grounds
for such person's objection to the Settlement Agreement, the Fee Petition, the
Named Plaintiffs' incentive awards or the proposed allocation of damages among
class members, and all documentation, papers, or briefs in support of such
objection; and by the same date (b) serves upon all Counsel to the Parties (as listed
in the Class Notice), either in person or by mail, copies of such notice of intention
to appear, statement of objections and all documentation, papers, or briefs that
such person files with the Court. The required documentation shall include the
information requested on the Claim Form. Final determination of whether any
such objector is a Class Member who has standing to object shall be determined
solely from the Defendants' records, from which the list of Class Members has
been compiled. In the absence of the timely filing and timely service of the notice
of intention to appear and all other materials required by this paragraph, any
objection shall be deemed untimely and denied.

31.     Pending final approval of the Settlement Agreement, no Class
Member shall, either directly, representatively, or in any other capacity,
commence, prosecute against any Defendant or participate in any action or
proceeding in any court or tribunal asserting any of the matters, claims, or causes

10

of action that are to be released by the Settlement Agreement upon final approval.

32.     In the event of final approval of the Settlement Agreement, all Damages Class Members (except those who have opted out) shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released by the Settlement Agreement, and all such Class Members shall be deemed to have forever released any and all such matters, claims and causes of action as provided for in the Settlement Agreement.

## VIII.     OTHER PROVISIONS

33.     The Court approves the parties' plan to use text messages to both issue class notice and reminder messages for those class members for whom the Claims Administrator is able to locate mobile phone numbers. In sending notice and reminders via text, recipients shall have the ability to "unsubscribe" themselves from further messages.

34.     To the extent not otherwise specifically addressed in this Order, Defendants and Class Counsel shall comply with the provisions of the Settlement Agreement.

35.     In the event the Settlement is not finally approved or is otherwise terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Defendants, and Class Members.

DATED: _11/7/19_

_____
STEVEN V. WILSON
UNITED STATES DISTRICT JUDGE

11