Barrett S. Litt, SBN 45527
blitt@kmbllaw.com
Lindsay Battles, SBN 262862
Kaye, McLane, Bednarski & Litt, LLP
975 East Green Street
Pasadena, California 91106
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

Donald W. Cook, SBN 116666
manncook@earthlink.net
Attorneys at Law
3435 Wilshire Boulevard, Suite 2910
Los Angeles, California 90010
Phone: (213) 252-9444
Facsimile: (213) 252-0091

Colleen M. Flynn, SBN 234281
cflynnlaw@yahoo.com
LAW OFFICE OF COLLEEN FLYNN
3435 Wilshire Boulevard, Suite 2910
Los Angeles, California 9001 0
Phone: (213) 252-9444
Facsimile: (213) 252-0091

Cynthia Anderson-Barker SBN 175764
cablaw@hotmail.com
Law Offices Of Cynthia Anderson-Barker
3435 Wilshire Boulevard, Suite 2910
Los Angeles, California 90010
Phone: (213) 252-9444
Facsimile: (213) 252-0091

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY AMADOR, et al., individually and as class representative,<br><br>   Plaintiffs,<br><br>   vs.<br><br>SHERIFF LEROY D. BACA, individually and in his official capacity, et al,<br><br>   Defendants. | Case No. CV 10-1649 SVW (JEMx)<br>[Hon. Steven V. Wilson]<br><br>DECLARATION OF BARRETT S. LITT IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Date:         July 20, 2020<br>Time:         1:30 P.M.<br>Courtroom:    10A |

# DECLARATION OF BARRETT S. LITT

I, Barrett S. Litt, hereby declare under penalty of perjury as follows:

1. I am one of the counsel for Plaintiffs in this matter and am admitted to practice law in the State of California. I have previously submitted a declaration in support of Plaintiffs' 2016 Renewed Motion for Class Certification. In that declaration, I provided my background in complex and class action litigation, which will not be repeated here. I am a partner in the law firm of Kaye, McLane, Bednarski & Litt, and make this declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement. Except where indicated, I make this declaration based on personal knowledge, and if called to testify as a witness to the facts stated herein, I could and would competently do so under oath.

2. The parties held three full day in-person settlement conferences before the Hon. George H. King (Ret.), as well as numerous discussions among or between counsel and Judge King. After extensive arms-length negotiations, the parties reached a settlement, which is contingent on this Court's approval. Even after settlement in principle was reached, it took over a year to agree to the specific settlement terms. The proposed settlement was finally agreed to by all parties, and ultimately the Court preliminarily approved that settlement.

3. This motion addresses whether the Court should finally approve this settlement. There is no question that it should. The Claims rate in this case exceeds 33%. (The actual figure is 40.7%.) Thus, out of the approximately 94,000 class members, some 25,528 filed timely claims (in addition to the 129 late claims). This is an unprecedented response rate. Past large strip search settlements have ranged from around a 15% (and in some cases lower) to a 25% claims rate. The extent of class members seeking to tell their stories for the Court to understand the extent of the trauma they experienced is unparalleled.

4. Despite Class Counsel's broad experience in strip search class actions in particular, and law enforcement class actions more generally, the class member outpouring of outrage and hurt from the practices at issue in this case far exceed

anything counsel has seen. Because so many women asked that their stories be told to the Court, a section was added to the settlement website titled "My Experience" where class members' experiences could be memorialized, with the understanding that their stories would be provided to the Court. Attached as Exhibit K is a compilation of those submissions. *Id.* Counsel urge the Court to review them in order to fully appreciate the horrific impact of these strip search practices on class members and the intense class member support for this lawsuit and settlement. An extraordinary approximately 539 class members responded to the "My Experience" option on the settlement website. I have never seen any similarly intense class member response in my decades of experience with jail class actions.

5. It was, and remains, class counsel' judgment that the number of class members who would have participated in individual damages efforts is a fraction of the over 30,000 who have made claims, and that a global settlement was in the interest of the class as a whole. Because 5% of the class could opt out and pursue their own damages without it undermining the settlement, this protected those class members – such as Ms. Shorter – who wished to purse a higher recovery in an individual proceeding.

6. The proposed settlement provides a slight benefit to the class representatives ($10,000 in addition to their class member formula award). The proposal for incentive awards was at Class Counsel's initiative and the proposed incentive awards to each class representative reflects counsel's assessment of the value of their contributions to the case, the risk taken by them and the size of the settlement. No agreements were made with class representatives prior to settlement to seek incentive awards. (Litt Preliminary Approval Dec., ¶7.) No class member objected to the incentive awards.

7. Plaintiffs' proposal for $10,000 for each of the nine class representatives is appropriate in light of the factors to be considered in determining the reasonableness of incentive awards. The Named Plaintiffs either initiated the

lawsuit (Plaintiff Mary Amador), entered the lawsuit while still imprisoned thereby risking retaliation (Plaintiffs Lora Barranca, Diane Vigil and Diana Paiz) or were added to the lawsuit to fill potential class representative gaps to account for time period based classes or subclasses (Plaintiffs Felice Cholewiak, Evangelina Madrid, Alisa Battiste, Nancy Briseno and Myeshia Williams). All nine Plaintiffs were deposed and responded to discovery requests. All of the plaintiffs submitted declarations disclosing intimate details of their experiences and publicly revealing themselves as having spent time in jail, which were used in support of the class certification motions, summary judgment motions and motions to amend. The class substantially benefited from these class representatives' efforts, resulting in one of the largest jail class action settlements ever recorded and the first based exclusively on an unconstitutional manner of strip search.

8. To my knowledge, this is the highest percentage claims rate of any large class action in the country. This attests to both the significance of the issue to class members and their very high approval of the settlement.

9. In the tables below, I update our summary of the litigation costs as of July 2, 2020, The cost details are available if the Court wishes us to provide them.

| LITT FIRMS COSTS | |
|---|---|
| Cost Item | Amount |
| E102-Print | $154.47 |
| E104-Fax | $214.50 |
| E105-Phone | $16.35 |
| E106-Research | $27,306.20 |
| E107-Delivery | $5,720.77 |
| E108-Postage | $1,818.38 |
| E109-LocTravel | $1,195.27 |
| E110-FarTravel | $3,190.18 |
| E111-Meals | $294.30 |
| E112-FeesCrt | $500.00 |

| LITT FIRMS COSTS | |
|---|---|
| Cost Item | Amount |
| E115-Depo | $20,641.45 |
| E116-TrialScrip | $1,708.32 |
| E119-Experts | $189,657.75 |
| E120-Pis | $420.50 |
| E121-Arb/Medi | $16,550.00 |
| E124-Other | $146.98 |
| E128-Records | $250.00 |
| E134-Parking | $492.55 |
| E135-Pubs | $45.66 |
| E138-Video | $7,297.39 |
| E146-Scans | $2,375.40 |
| E147-Consultant | $2,700.00 |
| E148-Conf.call | $210.50 |
| E150-Admin | $70,887.00 |
| **Total:** | **$375,438.07** |

| Cook et al. Costs | |
|---|---|
| Cost Item | Amount |
| E101-Inhouse copy | $1,641.75 |
| E104-Fax | $329.00 |
| E106-Research | $186.00 |
| E107-Delivery | $131.25 |
| E108-Postage | $48.72 |
| E109-Travel | $65.00 |
| E138-Video | $2,000.00 |
| **Total:** | **$4,401.72** |

The combined cost total is **$379,839.79**, which is the amount of litigation costs Class counsel request be awarded.

4

10. Similarly, in the tables below, I update the fees as of July 2, 2020, in order to provide the most current lodestar information to inform the Court's fee award. I anticipate that Class Counsel, including paralegals, will devote an additional 200 hours of work or more to address class member inquiries and interactions with the Class Administrator over the three-year payout period. Only my firm has additional hours being presented (although there are a few from other firms), and I provide the other firms' previous lodestar summary as well. The new time record details are available if the Court wishes us to provide them. (The ones through the fee motion were presented with the fee motion)

| LITT FIRMS | | | | |
|---|---|---|---|---|
| NAME | PRAC YRS [GRAD YR] | HOURS | RATE | TOTAL |
| Barrett S. Litt | 51 (1969) | 1494.1 | $1,200.00 | $1,792,920.00 |
| Lindsay Battles | 12 (2008) | 3113.7 | $700.00 | $2,179,590.00 |
| Martin Lijtmaer | 12 (2008) | 103.5 | $600.00 | $62,100.00 |
| Paul Estuar* | 27 (1993) | 319.7 | $800.00 | $255,760.00 |
| Stacey Brown | 14 (2006) | 48.8 | $700.00 | $34,160.00 |
| Julia White | Sr. Paralegal | 927 | $360.00 | $333,720.00 |
| Marie Bolanos | Sr. Paralegal | 89.2 | $360.00 | $32,112.00 |
| Leticia Ramirez | Exp. Paralegal | 38 | $225.00 | $8,550.00 |
| Michelle Angeles | Exp. Paralegal | 184.3 | $225.00 | $41,467.50 |
| Morgan Jackson | Exp. Paralegal | 21.9 | $225.00 | $4,927.50 |
| Miguel Villafuerte | Paralegal | 94.4 | $175.00 | $16,520.00 |
| Esteban Gil | Paralegal | 183.7 | $175.00 | $32,147.50 |
| Rene Arriaza | Paralegal | 238 | $175.00 | $41,650.00 |
| Esmeralda Moreno | Jr. Paralegal | 212.9 | $125.00 | $26,612.50 |
| Emily McLane | Jr. Paralegal | 34.8 | $125.00 | $4,350.00 |
| Veronica Aguilar | Jr. Paralegal | 20.6 | $125.00 | $2,575.00 |
| Beatrice Montenegro | Jr. Paralegal | 31.4 | $125.00 | $3,925.00 |
| Abraham Zavala | Jr. Paralegal | 108.1 | $125.00 | $13,512.50 |
| Amber Phillips | Law Clerk | 35.8 | $225.00 | $8,055.00 |
| Anais Martinez | Law Clerk | 264.2 | $225.00 | $59,445.00 |
| Natalie Rastegari | Law Clerk | 133.4 | $225.00 | $30,015.00 |
| Shelly Song | Law Clerk | 24.5 | $225.00 | $5,512.50 |

| LITT FIRMS | | | | |
|---|---|---|---|---|
| NAME | PRAC YRS [GRAD YR] | HOURS | RATE | TOTAL |
| Arianna Price | Law Clerk | 20 | $225.00 | $4,500.00 |
| Ayan K. Jacobs | Law Clerk | 129.2 | $225.00 | $29,070.00 |
| Jacqueline Gil | Law Clerk | 213.5 | $225.00 | $48,037.50 |
| Sujata Awasthi | Law Clerk | 26.8 | $225.00 | $6,030.00 |
| **Litt Total** | | **8111.5** | | **$5,077,264.50** |
| **COOK, ANDERSON-BARKER, FLYNN FIRMS** | | | | |
| Donald W. Cook | 36 (1984) | 248.5 | $925 | $229,862.50 |
| Robert Mann | 45 (1971)[1] | 35.3 | $975 | $34,417.50 |
| Samantha Koerner | 26 (1004) | 95.9 | $700 | $67,130 |
| Cook Paralegals | | 66.25 | $360 | $23,850 |
| Cynthia Anderson-Barker | 25 (1995) | 60 | $750 | $45,000.00 |
| Colleen Flynn | 16 (2004) | 332 | $700 | $232,400.00 |
| **Cook et al. Total** | | **837.95** | | **$632,660.00** |
| **Combined Total** | | **8949.45** | | **5,709,924.50** |

11. Plaintiffs' counsel have an agreement among themselves to distribute any attorneys' fee award based on relative lodestar, employing the rates and hours reflected in the attorneys' fee motion, and so it need not be an issue for the Court.

I declare under penalty of perjury, pursuant to the laws of the United States, that the contents of this Declaration are true and correct to the best of my knowledge.

Executed on July 6, 2020 at Pasadena, California.

_/s/ Barrett S. Litt_____
Barrett S. Litt

---

[1] Although he remains a member of the Bar, Mr. Mann's years of practices were cut off as of the time he retired.

6